IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:05-CR-29-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| FRANKLIN SHURON JONES, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court on defendant's motions for reduction of sentence and to equalize the crack cocaine as used to sentence defendant (DE 115, 116, 118). On June 5, 2019, the court granted the motions by order and judgment entered separately. The court memorializes herein its reasoning for this decision.

## BACKGROUND

On May 15, 2006, defendant pleaded guilty to two counts of distributing more than 5 grams of cocaine base and one count of distributing more than 5 grams of cocaine base and a quantity of cocaine, all in violation of 21 U.S.C. § 841(a)(1). At the time defendant committed the offenses, the statutory sentencing range for distributing 5 grams or more of cocaine base was 5 to 40 years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2006). At sentencing, the court found defendant responsible for distributing 58.6 grams of cocaine base and 19.9 grams of cocaine, which together produced a base offense level of 32 under the United States Sentencing Guidelines. The court also found defendant qualified for the career offender enhancement, which increased his base offense level to 34. After applying a three-level reduction for acceptance of responsibility, the court

determined the final offense level was 31. With a criminal history category VI, defendant's Guidelines range was 188 to 235 months' imprisonment.

On January 29, 2007, the court sentenced defendant to concurrent terms of 188 months' imprisonment and five years supervised release on all counts. Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on March 19, 2019, which was fully briefed.[1] On June 5, 2019, the court granted the motion by order and judgment entered separately. The court memorializes herein its reasoning for this decision.

**DISCUSSION**

A.  Fair Sentencing Act and First Step Act

On August 3, 2010, Congress passed and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the threshold quantity of cocaine base that triggers § 841(b)(1)(A)(iii)'s 10-year to life term from 50 grams to 280 grams, and the quantity for § 841(b)(1)(B)(iii)'s 5 to 40-year term from 5 grams to 28 grams (but under 280 grams). Fair Sentencing Act § 2(a), 124 Stat. at 2372. The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine. Id. § 3. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactive. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of

---

[1] Also pending are defendant's pro se motions to reduce sentence and equalize the crack cocaine used to sentence defendant, filed on November 30, 2018, and February 19, 2019, respectively. The government did not respond to such motions. The motions seek the same relief as defendant's March 19, 2019, First Step Act motion.

the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

B. Scope of Relief Under First Step Act

The court begins by identifying the appropriate scope of relief available under the First Step Act. Defendant argues the First Step Act permits plenary resentencing, and asks the court to set this matter for a full resentencing hearing. If the court permits full resentencing, defendant would be able to contest his career offender designation and other previously-made Guidelines determinations that are unaffected by the First Step Act or the Fair Sentencing Act.

Pursuant to 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed except[,]" as relevant here, "to the extent otherwise expressly permitted by statute." § 3582(c)(1)(B). The First Step Act permits the court to impose a "reduced sentence" and thus "modify" the term of imprisonment under § 3582(c)(1)(B), but it does not "expressly permit" full resentencing. See id. And the phrase "impose a reduced sentence" suggests a limited proceeding in which the court "reduces" the sentence by amending the judgment of conviction. Cf.

3

Dillon v. United States, 560 U.S. 817, 825-26 (2010) (holding proceedings under § 3582(c)(2) are "not . . . plenary resentencing proceeding[s]" where § 3582(c)(2) provides authority only to "'modify a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence" (alterations omitted)).

The United States Supreme Court's interpretation of Rule 35 of the Federal Rules of Criminal Procedure supports this interpretation. Rule 35 provides that the court "may reduce a sentence" upon the government's motion for sentence reduction based on defendant's substantial assistance to the government. Fed. R. Crim. P. 35(b)(1)-(2). Section 3582(c)(1)(B) also provides statutory authority for Rule 35 sentence reductions: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by . . . Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Similar to the First Step Act, Rule 35 generally provides the court "may reduce a sentence" but it does not "expressly permit" full resentencing. Compare First Step Act § 404(b), 132 Stat. at 5222 (providing the court "may impose a reduced sentence").

In Dillon, the Supreme Court noted that Rule 35 does not require a full resentencing proceeding with the defendant present. See 560 U.S. at 827-828. As the Court explained, Rule 43 of the Federal Rules of Criminal Procedure requires that a defendant be present at "sentencing" but expressly "excludes from that requirement proceedings that 'involv[e] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c),' . . . Rule 43 therefore sets the proceedings authorized by § 3582(c)(2) and Rule 35 apart from other sentencing proceedings." Id. at 828 (quoting Fed. R. Crim. P. 43(b)(4)). The same reasoning applies to First Step Act motions brought pursuant to 18 U.S.C. § 3582(c)(1)(B), particularly where the First Step Act does not expressly

authorize plenary resentencing. See id.; Fed. R. Crim. P. 43(b)(4) (providing defendant is not required to be present for proceedings conducted pursuant to § 3582(c)(1)(B) that involve the "reduction of sentence").

Accordingly, the court finds § 3582(c)(1)(B) is the appropriate procedural vehicle for resolving First Step Act motions, and that plenary resentencing is not available under the First Step Act. See United States v. Shelton, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (collecting numerous district court cases finding First Step Act motions should be resolved pursuant to § 3582(c)(1)(B)).[2] Consistent with its approach for resolving § 3582(c)(2) motions, the court will consider the factors set forth in 18 U.S.C. § 3553(a), the revised statutory range under the Fair Sentencing Act, the amended Guidelines range, and post-sentencing conduct. See United States v. Davis, 679 F.3d 190, 196-97 (4th Cir. 2012) (holding district court may consider § 3553(a) factors in determining extent of sentence reduction after granting Rule 35 motion); see also Shelton, 2019 WL 1598921, at *3 (considering these factors when resolving First Step Act motion). The court declines, however, to conduct a plenary resentencing proceeding or otherwise revisit previous Guidelines determinations unaffected by the Fair Sentencing Act.

C.   Defendant's Eligibility for Relief

As noted, defendant was charged with three counts of distributing more than 5 grams of cocaine base, the penalties for which are found in 21 U.S.C. § 841(b)(1). As set forth above, the Fair Sentencing Act reduced the statutory penalties for distributing more than 5 grams of cocaine base by decreasing the applicable sentencing range from 5 to 40 years' imprisonment to 0 to 20 years' imprisonment. Fair Sentencing Act § 2(a), 124 Stat. at 2372 (codified at 21 U.S.C.

---

[2] The United States Court of Appeals for the Fourth Circuit has not resolved whether plenary resentencing is permitted under the First Step Act, or any of the remaining First Step Act issues addressed herein.

§ 841(b)(1)(B)(iii) and (C)). Accordingly, defendant qualifies for relief under the First Step Act where he committed the offense before August 3, 2010, and the "statutory penalties" for his offense of conviction "were modified by section 2 . . . of the Fair Sentencing Act." First Step Act § 404(a), 132 Stat. at 5222. Defendant also has not previously received a sentence reduction under the Fair Sentencing Act or filed motion for relief pursuant to the First Step Act that was denied on the merits. See id. § 404(c).[3]

As a result of the Fair Sentencing Act, defendant's Guidelines range has changed to 151 to 188 months' imprisonment. This is because the career offender provision calculates the base offense level based on the statutory maximum term of imprisonment. See U.S.S.G. § 4B1.1(b). Under the current version of the Guidelines,[4] a 20-year maximum term of imprisonment yields a base offense level of 32. Id. After three-level reduction for acceptance of responsibility, the total offense level becomes 29. With a criminal history category of VI, defendant's Guidelines range, after application of the Fair Sentencing Act, is 151 to 188 months' imprisonment. See U.S.S.G. ch. 5, pt. A (sentencing table). As noted, the court originally sentenced defendant at the bottom of the Guidelines range. A comparable sentence under the Fair Sentencing Act would be 151 months' imprisonment on each count, to run concurrently. The term of supervised release also would be concurrent three-year terms on each count. See 21 U.S.C. § 841(b)(1)(C). Accordingly, if the Fair Sentencing Act "were in effect at the time the covered offense was committed," defendant's

---

[3] The government argues the court's May 7, 2014, order was a denial of defendant's motion for relief under the Fair Sentencing Act, and thus § 404(c) of the First Step Act precludes relief. But § 404(c) only precludes relief if defendant's sentence previously was reduced under the Fair Sentencing Act or the defendant previously has filed a First Step Act motion that was denied on the merits. First Step Act § 404(c), 132 Stat. at 5222. The court's May 7, 2014, order did not provide relief under the Fair Sentencing Act, and § 404(c)'s limitations do not otherwise apply to defendant.

[4] The parties' Guidelines calculations are based on the 2018 version of the Guidelines, and thus the court assumes without deciding that the current version of the Guidelines is the appropriate version to use in these cases.

sentence would have been 151 months' imprisonment followed by three-year term of supervised release.

The government argues defendant is not entitled to relief because the court found defendant was responsible for distributing more than 28 grams of cocaine base at sentencing, the drug quantity necessary to trigger the 5 to 40-year sentencing range under the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(B)(iii). The government contends that if defendant was found responsible at sentencing for distributing more than 28 grams of cocaine base, it could have charged that amount in the indictment and defendant would have pleaded guilty (or been found guilty at trial), thus triggering the 5 to 40-year range even under the Fair Sentencing Act.

The government's argument is not supported by the language of the statute, which broadly permits the court to impose a reduced sentence for any defendant who "violated" a "Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ." First Step Act § 404(a), 132 Stat. at 5222. The phrases "Federal criminal statute" and "statutory penalties" refer to the offense of conviction and the relevant quantity of cocaine base identified in the charging instrument, not the drug quantity found at sentencing under the Sentencing Guidelines. See id. Thus, the court can determine eligibility by identifying the offense of conviction and analyzing whether the statutory penalty for that offense was modified by the Fair Sentencing Act. See id.; see also United States v. Boulding, __ F. Supp. 3d __, 2019 WL 2135494, at *4 (W.D. Mich. May 16, 2019) ("[E]ligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities [determined at sentencing]. The particular quantities

7

affect only the Court's discretionary call on whether to grant a reduction in sentence [under the First Step Act]."); United States v. Davis, No. 07-CR-245, 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Under the plain language of the [First Step] Act, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated. If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a 'covered offense.'" (citation omitted)).

Furthermore, as defendant notes, the government's position assumes defendant would have pleaded guilty, or been found guilty at trial, if the government had charged the increased drug quantity in the indictment. Congress could not have intended that the court engage in such speculative considerations when determining eligibility for relief under the First Step Act. See Griffin v. Oceanic Contractors, Inc., 458 US. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

The government argues the court should exercise its discretion to deny relief based on the amount of cocaine base the court found attributable to defendant at sentencing. The court considered the drug quantity at issue when it imposed the original sentence, which the court set at the low end of the Guidelines range. As set forth above, that Guidelines range now has been reduced and the change is retroactively applicable to defendant. The government does not sufficiently explain why the drug quantity should preclude relief where the court considered the drug quantity at defendant's original sentencing but still sentenced him to the low end of the then-

applicable Guidelines range, and that Guidelines Range has been reduced after application of the Fair Sentencing Act.[5]

The government also suggests that reducing defendant's sentence would produce unfair sentencing disparities because defendants sentenced after enactment of the Fair Sentencing Act would not be entitled to relief. This argument appears to be premised on the theory that the government would have charged the higher drug quantity had the Fair Sentencing Act been in effect at the time defendant was charged. The court rejects this argument for the reasons explained above – it relies on speculation that the defendant would have pleaded guilty or been found guilty at trial if the government had charged the increased drug quantity. Furthermore, some sentencing disparities are inevitable when Congress enacts legislation designed to reduce sentences for a specific class of offenders. See Dorsey v. United States, 567 U.S. 260, 280 (2012).

Accordingly, defendant is eligible for relief under the First Step Act. The court also finds a sentence reduction is appropriate in this case. Application of the Fair Sentencing Act produces a reduced Guidelines range. A sentence at the low end of the revised Guidelines range – which defendant received at his original sentencing – produces a sentence of 151 months' imprisonment, to be followed by a three-year term of supervised release. The court also has considered the relevant § 3553(a) factors and defendant's post-sentencing conduct, and finds that the sentence reduction set forth herein is appropriate based on those factors.

---

[5] Furthermore, defendant's Guidelines range was set by his career offender designation pursuant to U.S.S.G. § 4B1.1, not the drug quantity found attributable to defendant at sentencing. The drug quantity charged in the indictment was only relevant to the extent it set the statutory penalty range of 10 years to life imprisonment, which in turn sets the base offense level under § 4B1.1(b). As set forth above, the Fair Sentencing Act increased the drug quantity necessary to trigger the 10-year to life term, and thereby decreased defendant's base offense level under § 4B1.1(b).

**CONCLUSION**

Based on the foregoing reasons, the court granted defendant's motions to reduce sentence and to equalize crack cocaine as used to sentence defendant (DE 115, 116, 118) and reduced defendant's previously-imposed sentence of 188 months' imprisonment to 151 months on counts one through three, to run concurrently. The court also reduced the term of supervised release to concurrent three-year terms on each count. Finally, the court ordered that if defendant had served over 151 months' imprisonment, the custodial sentence shall be reduced to time served, subject to an additional period of up to 10 days for administrative purposes of releasing the defendant.[6]

SO NOTICED, this the 11th day of June, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[6] Defendant did not request a sentence below time served.